IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KAREN LADA,                          )
                                     ) Civil Action
                Plaintiff            ) No. 08-cv-4754
                                     )
        vs.                          )
                                     )
DELAWARE COUNTY COMMUNITY COLLEGE;   )
CLAYTON RAILEY; and                  )
VIRGINIA CARTER,                     )
                                     )
                Defendants           )

                        *    *    *

APPEARANCES:

          NINA B. SHAPIRO, ESQUIRE
               On behalf of Plaintiff

          ALLISON S. PETERSEN, ESQUIRE
               On behalf of Defendants

                        *    *    *

                **O P I N I O N**

JAMES KNOLL GARDNER,
United States District Judge

        This matter is before the court on Defendants' Motion
to Dismiss filed January 7, 2009.  Upon consideration of the
briefs of the parties and for the reasons expressed below, I
grant in part and deny in part the motion to dismiss.

        On October 3, 2008, plaintiff Karen Lada filed her
Complaint against defendants Delaware County Community College,
Clayton Railey, and Virginia Carter.  Plaintiff's seven-count
Complaint alleges various constitutional violations brought

pursuant to 42 U.S.C. § 1983, violations of the Americans With Disabilities Act, and several pendent state law claims arising out of plaintiff's termination as a faculty member at Delaware County Community College.

In Count I, plaintiff sues all defendants pursuant to Section 1983, alleging First Amendment retaliation and violations of Equal Protection and procedural due process.

In Count II, plaintiff brings an Americans With Disabilities Act claim against defendant Delaware County Community College.  In Count III, plaintiff brings a Pennsylvania Human Relations Act claim against all defendants.

In Count IV, plaintiff alleges a state law breach of contract claim against defendant Delaware County Community College.  In Count V, plaintiff brings a state law claim against defendant Delaware County Community College for breach of the covenant of good faith and fair dealing.  In Count VI, plaintiff brings a state law claim for wrongful interference with contractual relations against defendants Railey and Carter.

In Count VII, plaintiff brings a claim for intentional infliction of emotional distress under state law against all defendants.[1]

Defendants filed Defendants' Motion to Dismiss on January 7, 2009.  Defendants seek to dismiss (1) plaintiff's

---

[1]     In her response to Defendants' Motion to Dismiss, plaintiff withdrew this claim against defendant Delaware County Community College.

First Amendment retaliation and Equal Protection claims against all defendants; (2) plaintiff's procedural due process claim against defendant Delaware County Community College only; (3) Counts IV, V, and VI in their entirety; and (4) Count VII against defendants Delaware County Community College and Carter only.  Defendants do not move to dismiss plaintiff's Americans With Disabilities Act (Count II) or Pennsylvania Human Relations Act (Count III) claims.

In the Order accompanying this Opinion, I order plaintiff to make a more definite statement of her First Amendment Retaliation claim pursuant to Federal Rule of Civil Procedure 12(e), dismiss her Equal Protection claim against all defendants, and dismiss all of plaintiff's Section 1983 claims against defendant Delaware County Community College.  I also dismiss Counts IV, V, VI, and VII of plaintiff's Complaint.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The court has supplemental jurisdiction over plaintiff's pendent state law claims.  See 28 U.S.C. § 1367.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiff's claims allegedly occurred

in Delaware County, Pennsylvania, which is located within this judicial district.

## STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Ordinarily, a court's review of a motion to dismiss is limited to the contents of the complaint, including any attached exhibits.  See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2).  That rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Twombly, 550 U.S. at 555, 127 S.Ct. at 1964, 167 L.Ed.2d at 940.

Additionally, in determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the plaintiff.  Phillips v. County of

- 4 -

Allegheny, 515 F.3d 224, 233 (3d Cir. 2008); Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003).  "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  Phillips, 515 F.3d at 231.

Nevertheless, "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief.... [W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d at 232.

In considering whether the complaint survives a motion to dismiss, both the District Court and the Court of Appeals review whether it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Twombly, 550 U.S. at 562, 127 S.Ct. at 1969, 167 L.Ed.2d at 945 (emphasis in original); Haspel v. State Farm Mutual Auto Insurance Company, 241 Fed.Appx. 837, 839 (3d Cir. 2007).

The Third Circuit has explained that the "Twombly formulation of the pleading standard can be summed up thus: stating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This... simply calls for enough facts to raise a reasonable expectation that

discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal punctuation omitted).

### FACTS

Based upon the averments in plaintiff's Complaint, which I must accept as true under the foregoing standard of review, and the reasonable inferences which I must draw from those facts in the light most favorable to plaintiff, the pertinent facts are as follows.

Plaintiff Karen Lada worked as a faculty member at Delaware County Community College from 2003 to 2007.[2]  At all times relevant to plaintiff's employment, plaintiff was a disabled female.  The defendants wrongfully inferred that the plaintiff was mentally unstable and dangerous.[3]  Plaintiff was, however, able to perform the essential duties of her job with or without accommodation.[4]

In February 2007, plaintiff was hospitalized for five days because of complications from her medication.[5]  Upon her return to work, plaintiff's direct supervisor and department

---

[2]     Complaint at paragraphs 11 and 22.

[3]     Complaint at paragraph 10.

[4]     Complaint at paragraph 29.

[5]     Complaint at paragraph 15.

Dean, defendant Clayton Railey, treated plaintiff differently and disparately.[6]

Defendant Railey refused to allow plaintiff to teach her classes; discussed with plaintiff's colleagues, and published derogatory misstatements to students, that plaintiff was not fit to teach; required plaintiff to produce a medical certification to return to work, which was not required of other faculty members after brief sick leaves; subjected plaintiff to a hostile work environment, making condescending and belittling comments to plaintiff, scrutinizing her classroom performance, and insisting on observing every class; and excessively criticized the plaintiff's tenure track proposal for a study.[7]

Because she was treated disparately and more harshly than similarly situated faculty, plaintiff sought the assistance of her union representative to intervene with defendant Railey.[8] In retaliation for asserting her union protections and rights, defendant Railey falsely accused plaintiff of being insubordinate.[9]

_____

[6]     Complaint at paragraphs 14 and 15.

[7]     Complaint at paragraphs 16-19 and 21.

[8]     Complaint at paragraph 20.

[9]     Complaint at paragraph 20.

On June 25, 2007, plaintiff was terminated from her position without notice or warning.[10]  Defendant Railey and defendant Virginia Carter, the Provost for Academic Affairs, made the decision to terminate plaintiff.[11]  Plaintiff was a hard-working faculty member who received high performance ratings from her colleagues and students.[12]  Plaintiff had been nominated for the Gould Award for teaching excellence for the Spring 2007 semester.[13]

## DISCUSSION

### Count I (Constitutional Claims Under Section 1983)

In Count I of her Complaint, plaintiff appears to raise federal constitutional claims of First Amendment retaliation and violations of Equal Protection and procedural due process under 42 U.S.C. § 1983.  As noted above and for the following reasons, I order plaintiff to make a more definite statement of her First Amendment Retaliation claim pursuant to Federal Rule of Civil Procedure 12(e).  I dismiss her Equal Protection claim for failure to state a claim upon which relief can be granted.  Defendants do not seek to dismiss plaintiff's procedural due process claim, so I do not address it at this time.  Finally, I

---

[10]    Complaint at paragraph 22.

[11]    Complaint at paragraph 22.

[12]    Complaint at paragraph 23.

[13]    Complaint at paragraph 23.

- 8 -

dismiss all of plaintiff's <u>Monell</u>[14] claims against defendant
Delaware County Community College.

## First Amendment Retaliation

Defendants move to dismiss plaintiff's First Amendment
claim in Count I for failure to allege any protected speech or
actions.[15]  In the alternative, defendants request that the court
order plaintiff to make a more definite statement of her
retaliation claim pursuant to Federal Rule of Civil
Procedure 12(e).  For the reasons that follow, I deny defendants'
motion to dismiss plaintiff's First Amendment retaliation claim,
but order plaintiff to make a more definite statement of this
claim.

To state a First Amendment Retaliation claim, a public
employee plaintiff must allege: "(1) that the activity in
question is protected by the First Amendment, and (2) that the
protected activity was a substantial factor in the alleged
retaliatory action."  <u>DeLuzio v. Monroe County</u>,
271 Fed.Appx. 193, 196 (3d Cir. 2008); <u>Hill v. Borough of
Kutztown</u>, 455 F.3d 225, 241 (3d Cir. 2006).  The former is a
question of law and the latter is a question of fact.  <u>See</u> <u>Gorum</u>

---

[14]    <u>Monell v. Department of Social Services</u>, 436 U.S. 658,
98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

[15]    Defendants' Memorandum of Law in Support of Their Motion to
Dismiss Plaintiff's Complaint ("Defendants' Brief") at page 8.

v. Sessoms, 561 F.3d 179, 184 (3d Cir. 2009); Hill, 455 F.3d at 241.

The First Amendment protects a public employee's statement when "(1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee differently from any other member of the general public' as a result of the statement he made." Gorum, 561 F.3d at 185; Hill, 455 F.3d at 241 (quoting Garcetti v. Ceballos, 547 U.S. 410, 418, 126 S.Ct. 1951, 1958, 164 L.Ed.2d 689, 699 (2006)).

In Garcetti, the United States Supreme Court expressly declined to decide whether this approach "would apply in the same manner to a case involving speech related to scholarship or teaching." 547 U.S. at 425, 126 S.Ct. at 1962, 164 L.Ed.2d at 703. The United States Court of Appeals for the Third Circuit has repeatedly stated that this question remains open. See Gorum, 561 F.3d at 186; Borden v. School District of East Brunswick, 523 F.3d 153, 171 n.13 (3d Cir. 2008).

Where Garcetti does not apply, courts should apply the traditional two-step Pickering analysis, which "considers whether the employee's speech was on a matter of public concern" and balances "the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the

State, as an employer, in promoting the efficiency of the public services it performs through its employees." Gorum, 561 F.3d at 186 n.6.

Because it is uncertain whether the Garcetti or Pickering test applies here, and because the issue of whether plaintiff's statement involved a matter of public concern is common to both approaches and is dispositive of the claim before me, I will turn to it first.

Plaintiff's speech does not relate to a public concern. Plaintiff alleges that she suffered retaliation "because she spoke out and asserted her property rights, civil liberty rights, union protections and [W]eingarten rights."[16]  Speech implicates matters of public concern when it involves social or political concerns of the community.  See Gorum, 561 F.3d at 187; Miller, 544 F.3d at 548.

An individual's personal employment grievances, such as those of the plaintiff here, simply do not rise to this level. "[P]rivate grievances as an employee" and "speech related solely to mundane employment grievances" are not examples of speech constituting matters of public concern.  Miller, 544 F.3d at 550;

---

[16]     Complaint at paragraph 34.

        Plaintiff cites National Labor Relations Board v. J. Weingarten, Inc., 420 U.S. 251, 95 S.Ct. 959, 43 L.Ed.2d 171 (1975), for the proposition that "an employee ha[s] a statutory right to union representation in an interview that the employee fears may result in disciplinary action." Plaintiff's Brief at page 9.

Sanguigni v. Pittsburgh Board of Public Education, 968 F.2d 393,
399 (3d Cir. 1992) (Alito, J.); see also Gorum, 561 F.3d at 187.

        But the analysis does not end here because "a public
employee who has petitioned the government through a formal
mechanism... is protected under the Petition Clause from
retaliation for that activity, even if the petition concerns a
matter of solely private concern." Foraker v. Chaffinch,
501 F.3d 231, 236 (3d Cir. 2007); see San Filippo v. Bongiovanni,
30 F.3d 424 (3d Cir. 1994).  Where a formal mechanism of redress
such as a lawsuit, grievance, or workers compensation claim is
utilized, the public employee plaintiff's speech need not be
about a matter of public concern to enjoy First Amendment
protection.  Foraker, 501 F.3d at 236.

        The Third Circuit Court of Appeals has suggested that
petitions may be made by "less formal mechanisms" than lawsuits
or grievances, but has cautioned that "[p]etitions made through
informal channels may occasion a lesser degree of constitutional
protection than their formal counterparts." Foraker, 501 F.3d at
237.  The Third Circuit has held that internal "complaints up the
chain of command" are not petitioning activity.  Id.; see Gallen-
Ruiz v. City of Philadelphia, 2008 U.S.Dist. LEXIS 57357, *23-24
(E.D.Pa. July 21, 2008) (Davis, J.).

        District courts in this circuit have stated that other
informal "petitions" do not enjoy First Amendment protection.

See <u>Perna v. Township of Montclair</u>, 182 L.R.R.M. 2307, 2313-2314
(D.N.J. 2006); <u>Bradshaw v. Township of Middletown</u>,
296 F.Supp.2d 526, 546 (D.N.J. 2003).

     The case of <u>Cooper v. Cape May County Board of Social</u>
<u>Services</u> is instructive.  There, plaintiff claimed that seeking
informal assistance from his union was petitioning activity
protected by the First Amendment.  175 F.Supp.2d 732, 736-737
(D.N.J. 2001).  The court held that this activity did "not
implicate the Right to Petition under the First Amendment because
[plaintiff's] meeting with union representatives [was] not in the
nature of a formal grievance procedure that the Petition Clause
is designed to protect."  <u>Id</u>. at 746.

     Here, plaintiff alleges that she "sought the assistance
of her union representative to intervene with Defendant Dean
Railey...."[17]  From this allegation, it is unclear whether
plaintiff filed a formal grievance or used informal channels -
and whether plaintiff's conduct is protected by the First
Amendment and to what degree may hinge on this distinction.
Therefore, and for the reasons that follow, I order plaintiff to
make a more definite statement of her First Amendment Retaliation
claim pursuant to Federal Rule of Civil Procedure 12(e).

     In their motion to dismiss, defendants move in the
alternative for the court to require plaintiff to more

---

[17]    Complaint at paragraph 20.

definitively plead her First Amendment Retaliation claim pursuant
to Federal Rule of Civil Procedure 12(e).[18]  Rule 12(e) permits a
party to "move for a more definite statement of a pleading to
which a responsive pleading is allowed but which is so vague or
ambiguous that the party cannot reasonably prepare a response."
See, e.g., Transport International Pool, Inc. v. Ross Stores,
Inc., 2009 U.S.Dist. LEXIS 32424, *4-5 (E.D.Pa. April 15, 2009)
(Surrick, J.); Johnson v. Delaware County, 2008 U.S.Dist.
LEXIS 50517, *4 (E.D.Pa. June 30, 2008) (Stengel, J.).

        If a complaint does not contain allegations supporting
each element of plaintiff's claim, but "the deficiency is not so
material that the pleading should be dismissed under
Rule 12(b)(6), a more definite statement is appropriate....
[S]uch motions [are] preferable to dismissal under Rule 12(b)."
Moore's Federal Practice §§ 12.36[1], [6] (3d ed. 2007).

        This court has granted a motion for a more definite
statement on a First Amendment retaliation claim where the court
was unable to determine the nature of the allegedly protected
conduct.  Speck v. City of Philadelphia, 2007 U.S.Dist.
LEXIS 55769, *14-15 (E.D.Pa. July 31, 2007) (O'Neill, S.J.).
Because the activity in question must be protected by the First
Amendment for plaintiff to be able to state a First Amendment
Retaliation claim, because plaintiff's allegations about seeking

_____

[18]    Defendants' Brief at page 8 n.3.

union assistance are "vague or ambiguous," but because the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), I grant defendants' motion in the alternative and order plaintiff to plead her First Amendment Retaliation claim more definitively.

### Equal Protection

In her response to Defendants' Motion to Dismiss, plaintiff contends that she stated an Equal Protection Clause claim. Defendants argue that plaintiff fails to state an Equal Protection Clause claim because she does not identify how she was denied equal protection of the law. For the reasons that follow, I will dismiss plaintiff's equal protection claim for failure to state a claim upon which relief can be granted.

The first step in reviewing a claim that government action violates the Equal Protection Clause is to determine the appropriate standard of review. Doe v. Pennsylvania Board of Probation and Parole, 513 F.3d 95, 107 (3d Cir. 2008); Donatelli v. Mitchell, 2 F.3d 508, 513 (3d Cir. 1993). Government actions involving suspect classifications based on race, alienage, or national origin or that infringe upon fundamental constitutional rights are subjected to strict scrutiny. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313, 320 (1985); Doe, 513 F.3d at 107; Donatelli, 2 F.3d at 513. If the challenged state action neither

targets a suspect class nor burdens a fundamental constitutional right, rational basis review applies.  <u>Doe</u>, 513 F.3d at 107; <u>Janicki v. Elizabeth Forward School District</u>, 73 Fed.Appx. 530, 532 (3d Cir. 2003).

Plaintiff alleges that she is "a disabled female and/or the defendants wrongfully inferred that the plaintiff was disabled as mentally unstable and dangerous."[19]  However, "the disabled are not a suspect class for purposes of an equal protection challenge."  <u>Bowers v. NCAA</u>, 475 F.3d 524, 553 (3d Cir. 2007).  <u>See</u> <u>City of Cleburne</u>, 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313.

Further, plaintiff does not contend that defendants have violated her fundamental constitutional rights.  Because plaintiff's allegations implicate neither suspect classifications nor burdened fundamental rights, I must apply rational basis review to the government activity challenged here.  <u>See</u> <u>Rucci v. Cranberry Township</u>, 130 Fed.Appx. 572, 575 (3d Cir. 2005); <u>Angstadt v. Midd-West School District</u>, 377 F.3d 338, 344 (3d Cir. 2004).

Under rational basis review, a challenged classification must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  <u>FCC v. Beach Communications, Inc.</u>,

---

[19]     Complaint at paragraph 10.

508 U.S. 307, 313, 113 S.Ct. 2096, 2101, 124 L.Ed.2d 211, 221
(1993); Doe, 513 F.3d at 107; Angstadt, 377 F.3d at 345.  "In
short, a classification subject to rational-basis review 'is
accorded a strong presumption of validity.'"  Donatelli,
2 F.3d at 515 (quoting Heller v. Doe, 509 U.S. 312, 319,
113 S.Ct. 2637, 2642, 125 L.Ed.2d 257, 270 (1993)).

        The burden is on the plaintiff to negate every
conceivable justification for the challenged government action.
See United States v. Pollard, 326 F.3d 397, 407-408 (3d Cir.
2003); Brian B. v. Pennsylvania Department of Education,
230 F.3d 582, 586 (3d Cir. 2000); Sauers v. Bensalem Township,
2003 U.S.Dist. LEXIS 4706, *11-12 (E.D.Pa. March 5, 2003)
(Kauffman, J.).

        Here, plaintiff has failed to allege facts negating
every conceivable justification for the challenged government
action.  Indeed, the face of plaintiff's Complaint suggests (at
least) one such rational basis for her termination: that
defendants believed plaintiff was "mentally unstable and
dangerous."[20]  "Because this court can hypothesize a rational
basis" for the challenged government action, plaintiff's equal
protection claim must be dismissed.  Mercatus Group LLC v. Lake
Forest Hospital, 528 F.Supp.2d 797, 817 (N.D.Ill. 2007); accord
Sauers, 2003 U.S.Dist. LEXIS 4706 at *11-12.

---

        [20]    Complaint at paragraph 10.

Nor can plaintiff make out a "class of one" equal protection claim.  Plaintiff is a public employee, and the United States Supreme Court has explicitly held that "the class-of-one theory of equal protection does not apply in the public employment context."  Engquist v. Oregon Department of Agriculture, 553 U.S. ___, 128 S.Ct. 2146, 2151, 170 L.Ed.2d 975, 983 (2008); accord Skrutski v. Marut, 288 Fed.Appx. 803, 809 (3d Cir. 2008).

For the foregoing reasons, I dismiss plaintiff's equal protection claim for failure to state a claim upon which relief can be granted.

### Procedural Due Process

Plaintiff also raises a procedural due process claim under Section 1983.  Defendants do not move to dismiss this claim, so I do not address it further at this time.

### Monell Liability

Local government units may not be held liable under Section 1983 for the constitutional torts of their employees through the doctrine of respondeat superior.  Hill, 455 F.3d at 245.  A local government unit may be held liable for an employee's conduct "only when that conduct implements an official policy or practice."  Id.

An employee's conduct implements official policy or practice when

> (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity,
>
> (2) the individual himself has final policy-making authority such that his conduct represents official policy, or
>
> (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.

Id. See McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005).

Here, plaintiff alleges no policy, procedure, or custom that, when enforced, causes constitutional harm.  Indeed, plaintiff argues that she was terminated "in violation of the published policies known as Tenure Guidelines: Probationary Faculty."[21]

Actions taken in violation of policy by employees without final policymaking authority do not subject local government units to Monell liability.  See Marable v. West Pottsgrove Township, 176 Fex.Appx. 275, 283 (3d Cir. 2006). "[U]nder Monell[,] subordinate employees impose liability by following policy, not when they disregard it."  Simmons v. Uintah

---

[21]     Plaintiff's Memorandum in Support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss in Part ("Plaintiff's Brief") at page 12 (emphasis added).

Health Care Special Service District, 506 F.3d 1281, 1286 n.5
(10th Cir. 2007).

      "[A]n official with policymaking authority can create
official policy, even by rendering a single decision." McGreevy,
413 F.3d at 367-368.  Officials with final policymaking authority
are those with the responsibility for making policy in the
particular area of municipal business in question, and whose
authority to make policy in that area is final and unreviewable.
Hill, 455 F.3d at 245; McGreevy at 369.  If an employee's
decision is subject to review, it is not final, and that employee
is not a policymaker.  Hill, 455 F.3d at 246 (citing Brennan v.
Norton, 350 F.3d 399, 428 (3d Cir. 2003)).

      To state a Monell claim under an official with
policymaking authority theory, a plaintiff must plead that a
defendant is an official with final policymaking authority.
Plaintiff must "allege sufficient facts to indicate that the
individual responsible for such action was the final policymaker
with respect to such personnel decisions." Wetzel v. Hoffman,
928 F.2d 376, 377 (11th Cir. 1991).  See Daniel v. Compass,
212 Fed.Appx. 262, 265 (5th Cir. 2006); Williams v. Town of
Southington, 2000 U.S.App. LEXIS 997, *6-7 (2d Cir. January 26,
2000); Baxter v. Vigo County School Corporation, 26 F.3d 728, 735
(7th Cir. 1994).

Here, plaintiff has failed "to allege that a final policymaker took any unconstitutional action against him within the meaning of 42 U.S.C. § 1983." Looper Maintenance Service Incorporated v. City of Indianapolis, 197 F.3d 908, 912-913 (7th Cir. 1999).  I also note that plaintiff did not respond to defendants' argument that plaintiff's Complaint did not identify any Delaware County Community College policymakers.[22]

Finally, plaintiff's Complaint is devoid of any claims that could give rise to Monell liability under a ratification theory.

Because plaintiff has failed to allege facts sufficient to support a claim for Monell liability against Delaware County Community College, I grant Defendants' Motion to Dismiss as to plaintiff's Section 1983 claims against defendant Delaware County Community College in Count I.

### Count IV (Breach of Contract)

Count IV alleges breach of contract by defendant Delaware County Community College.  In her response to Defendants' Motion to Dismiss, plaintiff withdrew her claim for reasonable attorney's fees and limited her compensatory damages demand to plaintiff's "out-of-pocket expenses incurred in search of alternate employment...."[23]  Defendants move to dismiss

---

[22]     Defendants' Brief at pages 9-10.

[23]     Plaintiff's Response in Opposition to Defendants' Motion to Dismiss in Part ("Plaintiff's Response") at n.1.

Count IV for failure to exhaust administrative remedies under the collective bargaining agreement.

Plaintiff argues that her breach of contract claim is based on her "independent written employment agreement with the defendant community college."[24]  The collective bargaining agreement belies this contention, as it covers both tenure and termination.[25]  The document plaintiff characterizes as an independent written employment agreement is, on its face, merely two letters providing plaintiff with information about her salary and benefits.[26]

As defendants point out, the salary information contained in this letter "is based upon the salary provisions of the CBA between the College and Lada's union."[27]  Thus, if plaintiff has a claim for breach of contract, it arises under the collective bargaining agreement.

Pennsylvania's Public Employe Relations Act mandates the "[a]rbitration of disputes or grievances arising out of the interpretation of a collective bargaining agreement...."
43 P.S. § 1101.903.  See Pittsburgh Joint Collective Bargaining Committee v. City of Pittsburgh, 481 Pa. 66, 70-71,

---

[24]    Plaintiff's Brief at page 7.

[25]    See Exhibit A to Defendants' Motion to Dismiss at pages 11-13.

[26]    Exhibit E to Plaintiff's Response.

[27]    Defendants' Reply Memorandum of Law in Support of Their Motion to Dismiss Portions of Plaintiff's Complaint at page 5.

391 A.2d 1318, 1320-1321 (1978); <u>Shumake v. Philadelphia Board of Education</u>, 686 A.2d 22, 24 (Pa.Super. 1996).

      Accordingly, an "employee who is covered by a collective bargaining agreement, which provides the exclusive remedies for breaches of that agreement, must first exhaust his or her remedies under the bargaining agreement before filing a lawsuit." <u>Montgomery County Intermediate Unit v. Montgomery County Intermediate Unit Education Association</u>, 797 A.2d 432, 434 (Pa.Commw. 2002); <u>Shumake</u>, 686 A.2d at 24; <u>DiBartolo v. City of Philadelphia</u>, 159 F.Supp.2d 795, 799 (E.D.Pa. 2001) (Kauffman, J.).

      Thus, this court lacks jurisdiction to entertain plaintiff's breach of contract claim if plaintiff has failed to exhaust her administrative remedies.  <u>See</u> <u>Suhmake</u>, 686 A.2d at 24; <u>DiBartolo</u>, 159 F.Supp.2d at 799.

      The collective bargaining agreement here provides for a multistep grievance procedure, ending in arbitration.[28] Plaintiff failed to allege that she exhausted her administrative remedies under the collective bargaining agreement's grievance procedure.  Accordingly, I must dismiss plaintiff's claim for breach of contract for failure to exhaust administrative remedies.

---

[28]    <u>See</u> Exhibit A to Defendants' Motion to Dismiss at pages 38-42.

<u>Counts V (Breach of Covenant of Good Faith and Fair Dealing)</u>
<u>and VI (Wrongful Interference With Contractual Relations)</u>

Count V alleges breach of the covenant of good faith and fair dealing by defendant Delaware County Community College, and Count VI alleges wrongful interference with contractual relations by defendants Railey and Carter.  Defendants argue that Count V should be dismissed as duplicative of Count IV (breach of contract), and that Count VI should be dismissed because managerial employees of the community college could not have tortiously interfered with plaintiff's contractual relationship with the community college.  Plaintiff has failed to adequately respond to these portions of Defendants' Motion to Dismiss, so I will grant defendants' motion to dismiss as to Counts V and VI as unopposed.

Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania ("Local Rules") provides that "any party opposing the motion shall serve a brief in opposition....  In the absence of a timely response, the motion may be granted as uncontested...."  This court has held that "[f]ailure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed."  <u>Nelson v. DeVry, Inc.</u>, 2009 U.S.Dist. LEXIS 38161, *35-36 (E.D.Pa. April 23, 2009) (Jones, J.) (citing <u>Jackson v. J. Lewis Crozer</u>

<u>Library</u>, 2007 U.S.Dist. LEXIS 61582 (E.D.Pa. August 22, 2007)

(Stengel, J.) and <u>Mason v. Abington Township Police Department</u>,

2002 U.S.Dist. LEXIS 17315 (E.D.Pa. September 12, 2002)

(Baylson, J.)).

To put it simply: plaintiffs who fail to brief their

opposition to portions of motions to dismiss do so at the risk of

having those parts of the motions to dismiss granted as

uncontested.  <u>See</u>, <u>e.g.</u>, <u>Saxton v. Central Pennsylvania Teamsters</u>

<u>Pension Fund</u>, 32 Employee Benefits Cases (BNA) 1126, 1150

(E.D.Pa. 2003) (Van Antwerpen, J.); <u>Toth v. Bristol Township</u>,

215 F.Supp.2d 595, 598 (E.D.Pa. 2002) (Joyner, J.); <u>Smith v.</u>

<u>National Flood Insurance Program of the Federal Emergency</u>

<u>Management Agency</u>, 156 F.Supp.2d 520, 522 (E.D.Pa. 2001)

(Robreno, J.).

Defendants argue that Count V (breach of covenant of

good faith and fair dealing) "must be dismissed as being

redundant to the breach of contract action in Count IV."[29]

Plaintiff does not respond to this argument so, for the reasons

discussed above, I grant defendants' motion to dismiss as to

Count V as unopposed.

With regard to Count VI (wrongful interference with

contractual relations), defendants argue that "Railey and Carter,

as managerial employees of the College, are essentially one with

_____

[29]    Defendants' Brief at page 7.

- 25 -

the College and could not have tortiously interfered with the contractual relationship between Lada and the College."[30] Plaintiff's response does not address this argument either. Accordingly, I grant defendants' motion to dismiss as to Count VI as unopposed.

### Count VII (Intentional Infliction of Emotional Distress)

Plaintiff's Complaint brings a pendent state claim for intentional infliction of emotional distress against defendants Delaware County Community College, Railey, and Carter.  Plaintiff withdrew this claim against defendant Delaware County Community College in her response to Defendants' Motion to Dismiss.[31] Defendants' motion seeks to dismiss Count VII against only defendant Carter and not defendant Railey.

Defendants argue that this count must dismissed against defendant Carter because "[n]othing in the allegations levied against Carter come close to attaining the level of outrageous conduct needed to meet the IIED standard."[32]  For the reasons that follow, I agree, and therefore dismiss Count VII against defendant Carter.

Although defendants do not seek the dismissal of Count VII against defendant Railey, district courts may dismiss

---

[30]    Defendants' Brief at page 6.

[31]    Plaintiff's Response at n.1.

[32]    Defendants' Brief at page 14.

claims that do not state causes of action sua sponte.  <u>Bintliff-Ritchie v. American Reinsurance Company</u>, 285 Fed.Appx. 940, 943 (3d Cir. 2008); <u>Bryson v. Brand Insulations, Inc.</u>, 621 F.2d 556, 559 (3d Cir. 1980).  Because I find that plaintiff's allegations against defendant Railey are also insufficiently outrageous to state a claim for intentional infliction of emotional distress under Pennsylvania law, I dismiss Count VII against defendant Railey sua sponte.

While the Supreme Court of Pennsylvania has never officially recognized the tort of intentional infliction of emotional distress, § 46 of the Restatement (Second) of Torts sets forth the minimum elements that must be pled to state a cause of action for this tort.  <u>Taylor v. Albert Einstein Medical Center</u>, 562 Pa. 176, 181, 754 A.2d 650, 652 (2000); <u>Televandos v. Vacation Charters, Ltd.</u>, 264 Fed.Appx. 190, 192 n.1 (3d Cir. 2008).  § 46 provides that "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."

Pennsylvania "courts have been chary to allow recovery for a claim of intentional infliction of emotional distress." <u>Hoy v. Angelone</u>, 554 Pa. 134, 151, 720 A.2d 745, 753 (1998).  To state a claim, the challenged conduct "must be so outrageous in

character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Hoy, 554 Pa. at 151, 720 A.2d at 754; Cox v. Keystone Carbon Company, 861 F.2d 390, 395 (3d Cir. 1988).

Clearly, intentional infliction of emotional distress "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Restatement (Second) of Torts § 46, comment d.  See, e.g., Snyder v. Specialty Glass Products, Inc., 658 A.2d 366, 375 (Pa.Super. 1995); McNeal v. City of Easton, 598 A.2d 638, 641 (Pa.Commw. 1991).

"[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." Hoy, 554 Pa. at 152, 720 A.2d at 754 (quoting Cox v. Keystone Carbon Company, 861 F.2d 390, 395 (3d Cir. 1988)); Televandos v. Vacation Charters, Ltd., 264 Fed.Appx. 190, 192-193 (3d Cir. 2008). Even termination is insufficient because "while loss of employment is unfortunate and unquestionably causes hardship, often severe, it is a common event." Cox, 861 F.2d at 395; Capresecco v. Jenkintown Borough, 261 F.Supp.2d 319, 323 (E.D.Pa. 2003) (Rufe, J.).

Here, plaintiff alleges that defendant Railey refused to allow plaintiff to teach her classes; discussed with plaintiff's colleagues and published "derogatory misstatements" to students that plaintiff was not fit to teach; required plaintiff to produce medical certification to return to work, which was not required of other faculty members after brief sick leaves; and "excessively criticized the plaintiff's tenure track proposal for a study."[33]

Plaintiff further alleges that defendant Railey subjected plaintiff to a hostile work environment by making "condescending and belittling" comments to plaintiff and publishing these comments to plaintiff's colleagues; by discussing plaintiff's health with her colleagues; and by "scrutiniz[ing] and nitpick[ing] her classroom performance and insist[ing] on observing each class."[34]

While the conduct plaintiff alleges is to be condemned, it does not rise to the level of extreme and outrageous conduct necessary to state a claim for intentional infliction of emotional distress.  Plaintiff's Complaint does not clear the pleading bar for this tort, which Pennsylvania courts have set extremely high.

----

[33]   Complaint at paragraphs 16-18 and 21.

[34]   Complaint at paragraph 19.

**Retaliation**

The Supreme Court of Pennsylvania has carved out an exception to the general bar on recovery for intentional infliction of emotional distress in the workplace where the employer both sexually harassed the plaintiff and retaliated against the plaintiff for rejecting sexual propositions.  Hoy, 554 Pa. at 152, 720 A.2d at 754; Andrews v. City of Philadelphia, 895 F.2d 1469, 1487 (3d Cir. 1990).  The Pennsylvania Supreme Court has stated that because "[r]etaliatory conduct is typically indicative of discrimination of a more severe nature and usually has a greater detrimental impact upon the victim...retaliation is a critical and prominent factor in assessing the outrageousness of an employer's conduct."  Hoy, 554 Pa. at 153, 720 A.2d at 754.

Although "retaliation in the workplace is unlawful and potentially harmful, not all claims of retaliation surpass the bounds of the everyday" so as to subject the offender to liability for intentional infliction of emotional distress.  Romig v. Northampton County Department of Corrections, 2008 U.S.Dist. LEXIS 24829, *21 (E.D.Pa. March 21, 2008) (Gardner, J.); Hannan v. City of Philadelphia, 2007 U.S.Dist. LEXIS 61613, *46 (E.D.Pa. August 22, 2007) (Rufe, J.), reversed on other grounds, 306 Fed.Appx. 735 (3d Cir. 2009).

Indeed, courts interpreting Pennsylvania law have consistently refused to extend liability for intentional

infliction of emotional distress to other forms of workplace discrimination – even where the plaintiff faced retaliation.

In Shaffer v. Burger King Corporation, plaintiff contended that defendants discriminated against her because of her disability and retaliated by terminating her after she complained.  2001 U.S.Dist. LEXIS 15653, *1-3 (E.D.Pa. September 28, 2001)(R. Kelly, J.).  This court granted summary judgment for defendants because the conduct alleged was insufficiently outrageous to sustain plaintiff's claim.  Id. at *7-8.

Similarly, numerous cases have denied intentional infliction of emotional distress claims where plaintiff alleged retaliation and discrimination based on race or national origin. See, e.g., Televandos, 264 Fed.Appx. at 192; Hargraves v. City of Philadelphia, 2007 U.S.Dist. LEXIS 31951, *10-12 (E.D.Pa. April 26, 2007) (Surrick, J.); Watkins v. Pennsylvania Board of Probation and Parole, 2002 U.S.Dist. LEXIS 23504, *25 (E.D.Pa. November 25, 2002) (Weiner, J.).

Here, plaintiff alleges that defendant Railey "falsely accused the plaintiff of being 'insubordinate' in retaliation for asserting her union protections and 'Weingarten Rights'" after plaintiff sought the assistance of her union representative.[35] Plaintiff further alleges that the defendants "retaliated against

---

[35]     Complaint at paragraph 20.

the plaintiff because she spoke out and asserted her property rights, civil liberty rights, union protections and [W]eingarten rights."[36]  Plaintiff alleges that defendants Railey and Carter terminated plaintiff without notice or warning.[37]

I cannot find liability for intentional infliction of emotional distress on the facts alleged here.  As discussed above, Pennsylvania courts have been extremely reluctant to find liability for this tort, particularly in the employment context. These allegations do not state sufficiently outrageous and extreme conduct under Pennsylvania law.  I will not extend liability for intentional infliction of emotional distress to claims of workplace disability discrimination and retaliation on the allegations made here.  Accordingly, I will dismiss Count VII against both defendants Carter and Railey.

## CONCLUSION

For all the foregoing reasons, concerning Count I, I order plaintiff to make a more definite statement of her First Amendment Retaliation claim pursuant to Federal Rule of Civil Procedure 12(e), dismiss her Equal Protection claim against all defendants, and dismiss all of plaintiff's Section 1983 claims against defendant Delaware County Community College.

---

[36]     Complaint at paragraph 34.

[37]     Complaint at paragraph 22.

Plaintiff's claims for breach of contract (Count IV), breach of the covenant of good faith and fair dealing (Count V), wrongful interference with contractual relations (Count VI), and intentional infliction of emotional distress (Count VII) are each dismissed for failure to state a claim upon which relief can be granted.