IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN LADA<br>　　　　Plaintiff<br><br>v.<br><br>DELAWARE COUNTY COMMUNITY COLLEGE,<br>CLAYTON RAILEY AND VIRGINIA CARTER<br>　　　　Defendants | :<br>:<br>: CIVIL ACTION NO:<br>:<br>: 08-CV-04754<br>:<br>:<br>: |

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**


FILED
OCT 27 2009

## INTRODUCTION:

1. This action is brought by Karen Lada to redress her deprivation of rights in contravention of 42 U.S.C. section 1983, for violations of the Americans With Disabilities Act, for violations of the Pennsylvania Human Relations Act, for claims of interference with contractual relations, and intentional infliction of emotional distress. In support of these claims, Karen Lada alleges:

## JURISDICTION AND VENUE:

2. Original jurisdiction founded on the existence of a question arising under particular statutes. The action arises under 42 U.S.C. section 1983 and the Americans With Disabilities Act.

3. Jurisdiction founded upon principals of pendent jurisdiction under 28 U.S.C. section 1367 that authorizes the court to assert supplemental jurisdiction over any

1

claims against parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4. The matter in controversy exceeds, exclusive of interests and costs, the sum of one hundred thousand dollars.

5. The unlawful practices and harm complained of occurred in Delaware County in the Commonwealth of Pennsylvania. Venue therefore lies in the Eastern District of Pennsylvania.

**PARTIES:**

6. Plaintiff is a citizen of Lancaster County in the Commonwealth of Pennsylvania. At all times relevant, Plaintiff was employed as faculty in the Communication Arts and Humanities Department at Delaware County Community College in Delaware County, Pennsylvania.

7. Defendant Delaware County Community College is a public government supported institution of higher learning that serves the Delaware and Chester Counties of Pennsylvania. At all times relevant, Defendant Community College acted by and through all management, administrators, deans, directors, supervisors, staff, employees and agents.

8. Defendant Clayton Railey was the Dean of the Communication Arts and Humanities Department at Delaware County Community College. At all times relevant, Defendant Railey acted for Delaware County Community College and/or acted individually on his own behalf.

9. Defendant Virginia Carter was the Provost for Delaware County Community College responsible for academic affairs at the Defendant College and

supervised Defendant Dean Clayton Railey. At all times relevant, Defendant Carter acted for Delaware County Community College and/or acted individually on her own behalf.

**CLAIMS**:

10. At all times relevant to the Plaintiff's employment at Delaware County Community College, Plaintiff was a disabled female and/or the defendants wrongfully inferred that the plaintiff was disabled as mentally unstable and dangerous.

11. Plaintiff worked as a faculty member in the Communication Arts and Humanities Department for Defendant Community College commencing academic year 2003 as an Assistant Professor. At such time, Plaintiff's direct supervisor was Dean Rosina Fieno. Plaintiff's employment was pursuant to an annual employment agreement, the terms of which were covered by the collective bargaining agreement between the College and Delaware County Community College (DCCC) Association of High Education. See Employment Agreement at Exhibit A.

12. Plaintiff was hired as a full-time tenure-track position titled Speech Instructor. She was eligible for tenure protection upon completion of her fourth year of teaching.

13. Defendants by and through Dean Fieno were aware of the plaintiff's disability and granted the plaintiff medical leave beginning November 20, 2003. Plaintiff returned to full duty status with accrued raises beginning Fall Academic Year 2004.

14. On or about January 2007, Defendant Railey replaced Dean Fieno in the position of Dean of the Department and the plaintiff's direct supervisor.

15. Plaintiff was hospitalized February 12, 2007, for five days as a result of complications from medication. Thereafter, Defendant Railey treated the plaintiff differently and disparately.

16. Thereafter, Defendant Railey wrongfully regarded the plaintiff as mentally infirm and dangerous and inferred that she could no longer perform the duties of her teaching position. Defendant Railey expected the plaintiff to come onto the campus but refused to allow her to teach her classes.

17. Defendant Railey discussed with the plaintiff's colleagues and he published derogatory misstatements to the student body that the plaintiff was not "fit to teach".

18. Defendant Railey demanded that the plaintiff produce medical certification to return to work. No other faculty member was required to get a medical certification for return to work after a brief sick leave.

19. Defendant Railey subjected the plaintiff to a hostile work environment. He made condescending and belittling comments to the plaintiff and published the comments to her colleagues. He discussed the plaintiff's "health" with her colleagues that had no right to know her private and personal affairs. He scrutinized and nit-picked her classroom performance and insisted on observing each class.

20. Plaintiff sought the assistance of her union representative to intervene with Defendant Dean Railey because the plaintiff was treated disparately and more harshly than similarly situated faculty.

21. Prior to receipt of her year-end student evaluations, on or about April 2007, Defendant Railey demanded that plaintiff attend an interview regarding her 2006-2007 year-end performance.

22. Year-end evaluations were not held before receipt of student evaluations.

23. No other faculty members were instructed to attend a year-end performance review prior to receipt of their year-end student evaluations.

24. Plaintiff was intimidated by Defendant Railey's disparate treatment, described above, and she feared disciplinary action and/or dismissal.

25. Plaintiff insisted that she attend the interview with her union representative to initiate the formal union grievance rights and protections pursuant to the Public Employee Relations Act at Title 43 P.S. § 1101.101 et seq. and to invoke her statutory Weingarten rights to union representation at an interview that may result in disciplinary action or dismissal.

26. Plaintiff had an undeniable right to invoke her formal rights of union representation and Weingarten rights to take part in an interview that the plaintiff feared may result in disciplinary action.

27. As a result of the Plaintiff invoking her formal union grievance rights and protections and statutory Weingarten rights, Defendant Railey retaliated and falsely accused the plaintiff of insubordination.

28. Defendant Railey excessively criticized the plaintiff's tenure track proposal for a study that was to be implemented the following academic year, her fourth year of the tenure track process.

29. Without notice or warning, on or about June 25, 2007, the plaintiff was discharged at the end of her third year counted towards tenure. Defendants informed the plaintiff that her contract of employment was not renewed for the upcoming academic year. The termination decision was made by Defendant Railey and Defendant Carter. See Discharge/Nonrenewable at Exhibit B.

30. Plaintiff was a hard working faculty member rated at high performance by the students and her colleagues. For the Spring Semester 2007, Plaintiff was nominated for the Gould Award for teaching excellence.

31. Defendants acted jointly and separately to interfere with the Plaintiff's contract of employment and otherwise harm the Plaintiff.

32. Defendants denied the plaintiff equal conditions of employment and denied her equal rights for tenure and job security.

33. Defendants treated the plaintiff differently, disparately and adversely because she was disabled or regarded as disabled and dangerous.

34. Defendants breached the plaintiff's employment contract.

35. Defendants failed to accommodate the plaintiff and/or engage in the interactive process for accommodation.

36. Plaintiff was able to perform the essential duties of her job with or without accommodation.

37. Defendants wrongfully inferred that the plaintiff was mentally unfit and dangerous.

38. Defendants' joint and separate conduct was callous, willful, committed with reckless indifference and total disregard for the Plaintiff's protected rights and was otherwise outrageous conduct.

39. As a result of the Defendants' joint and separate conduct, the Plaintiff suffered harm and damages.

40. As a result of the Defendants' joint and separate conduct the Plaintiff suffered financial losses, emotional and physical distress, humiliation, embarrassment, anguish, lost reputation, lost career and public ridicule.

41. Defendants retaliated against the plaintiff because she spoke out and asserted her property rights, civil liberty rights, union protections and Weingarten rights.

42. The Plaintiff timely filed with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. The Plaintiff complied with the conditions precedent to the filing of this complaint. See Notice of Right to Sue issued by U.S. Department of Justice at Exhibit C.

## COUNT I

### KAREN LADA V. CLAYTON RAILEY AND VIRGINIA CARTER

43. The allegations of paragraphs 1 thru 42 are incorporated by reference.

44. Defendants' conduct was committed under color of state law.

45. Plaintiff had a constitutionally protected property right and interest in her position as faculty at Delaware County Community College.

46. Defendants retaliated against the plaintiff, published falsehoods about the plaintiff, harmed her name and reputation and involuntarily separated her from

employment. Plaintiff was not afforded her due process rights before termination from employment.

47. Plaintiff was not afforded a "name-clearing" hearing.

48. The actions and inactions by Defendants contravened Plaintiff's due process rights and protections, contravened Plaintiff's civil rights and protections, contravened Plaintiff's property rights and protections, contravened Plaintiff's rights of liberty and "speech" otherwise contravened Plaintiff's constitutional rights and protections pursuant to 42 U.S.C. Section 1983.

49. Defendants together acted to conspire and violate Plaintiff's civil, liberty, property, speech and due process rights, interests and protections pursuant to 42 U.S.C. Section 1983.

50. Defendants denied Plaintiff her rights guaranteed by the Constitution and Federal Law, including rights guaranteed by the First Amendment.

51. Plaintiff's speech to invoke her statutory rights and protections under Weingarten and initiate formal union grievance rights and protections pursuant to the Public Employee Relations Act constituted petitioning activity within meaning of the Petition Clause and protected by the First Amendment.

52. Defendants denied Plaintiff her rights guaranteed by the First Amendment.

53. Defendants violated the plaintiff's civil rights under 42 U.S.C. Section 1983.

54. The actions and inactions by Defendants were willful.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Clayton Railey and Virginia Carter and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages against Defendants Clayton Railey and Virginia Carter acting individually;

(D) Award Plaintiff costs of this action and reasonable attorney's fees; and,

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT II

### KAREN LADA V. DELAWARE COUNTY COMMUNITY COLLEGE

55. The allegations of paragraphs 1 thru 54 are incorporated by reference.

56. The conduct by Defendant County Community College described above constituted violations of the Americans With Disabilities Act.

57. The conduct by Defendant Delaware County Community College described above was willful within the meaning of the Americans With Disabilities Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Delaware County Community College and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B)     Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C)     Award Plaintiff costs of this action and reasonable attorney's fees; and,

(D)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT III

## KAREN LADA V. DELAWARE COUNTY COMMUNITY COLLEGE AND CLAYTON RAILEY AND VIRGINIA CARTER

58.     The allegations of paragraphs 1 thru 57 are incorporated by reference.

59.     The conduct by Defendants described above constituted violations of the Pennsylvania Human Relations Act.

60.     The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants Delaware County Community College and Clayton Railey and Virginia Carter the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff costs of this action and reasonable attorney's fees; and,

(D) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT IV

### KAREN LADA V. CLAYTON RAILEY AND VIRGINIA CARTER

61. The allegations of paragraphs 1 thru 60 are incorporated by reference.

62. Plaintiff's employment at Delaware County Community College was governed by an employment agreement between Delaware County Community College and Delaware County Community College Association of Higher Education. See Agreement at Exhibit A.

63. Defendant Railey and Defendant Carter, individually, made the determination to breach the plaintiff's employment contract and separate the plaintiff from employment at Delaware County Community College. See Termination/Breach at Exhibit B.

64. Defendant Railey and Defendant Carter acted individually, intentionally, willfully, maliciously, and in bad faith to interfere with the plaintiff's contract of employment and to otherwise deny her tenure.

65. Defendant Railey and Defendant Carter, individually, are liable to Plaintiff for wrongful interference with contractual relations.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Railey and Defendant Carter and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff costs of this action and reasonable attorney's fees; and,

(D) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT V

### KAREN LADA V. AND CLAYTON RAILEY

66. The allegations of paragraphs 1 thru 65 are incorporated by reference.

67. The actions taken by Defendant Railey described above were willful, careless, indifferent, deliberate, outrageous, indecent and extreme.

68. The actions taken by Defendant Railey caused Plaintiff to suffer great mental distress, anguish, physical ailments, shame, humiliation, depression and panic attacks.

69. The plaintiff received medical treatment and care as a result of the emotional distress.

70. The plaintiff suffered harm and damages as a result of Defendant Railey's intentional infliction of emotional distress.

71. Defendant Railey is liable to the Plaintiff for damages as a result of intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendant Clayton Railey and the Court:

(A) Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits;

(B) Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation;

(C) Award Plaintiff punitive damages against Defendants Clayton Railey and Virginia Carter acting individually;

(D) Award Plaintiff costs of this action and reasonable attorney's fees; and,

(E) Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Respectfully submitted,

Date: October 26, 2009

Nina B. Shapiro, Esquire
Attorney for Plaintiff
ID# 44040
53 North Duke Street
Suite 201
Lancaster, PA 17602
717-399-8720

13

## CERTIFICATE OF SERVICE

I, Nina B. Shapiro, Esquire, hereby certify that the foregoing document was served upon the following individual or agent by first-class mail, postage prepaid, addressed as follows:

Ms. Allison S. Petersen, Esquire
Levin Legal Group
1301 Masons Mill Business Park
1800 Byberry Road
Huntingdon Valley, PA  19006
apetersen@levinlegalgroup.com

DATE:  October 26, 2009

By: /s/ Nina B. Shapiro
Nina B. Shapiro, Esquire
PA ID3 44040
53 North Duke Street
Suite 201
Lancaster, PA  17602
717-399-8720

# EXHIBIT A

 

RECEIVED APR 23 2003 HUMAN RESOURCES

## DELAWARE COUNTY COMMUNITY COLLEGE
*Human Resources*

April 14, 2003

Ms. Karen M. Lada
31 Pleasure Road D21
Lancaster, PA 17601

Dear Ms. Lada:

This letter will confirm your appointment to the full-time tenure-track position of Speech Instructor in our Communications/Arts & Humanities Department beginning fall semester of 2003. Faculty is scheduled to report on August 26, 2003. Your annual ten-month salary will be $44,164.00, Lane 1, Step 5.

The overall terms of your employment are covered by the collective bargaining agreement between the College and the DCCC Association of Higher Education. We expect to submit your appointment to the Board of Trustees for ratification at its July meeting.

Rosina Fieno will work closely with you to develop an action plan, which will outline specific tasks during your initial year with us as well as subsequent years.

To confirm your acceptance of this appointment, please sign, date and return one of the enclosed copies of this letter within ten days. Please see Judy Hartz, Director of Employment and Benefit Programs, in our Human Resources office at your earliest convenience.

I know your relationship with Delaware County Community College will be a most rewarding experience. We look forward to working with you.

Sincerely,

James E. Bryan, Jr.
Associate Vice President
Human Resources

This confirms my acceptance of the appointment as presented.

_Karen Lada_                                   20 April 2003
Karen M. Lada                                  Date

JB/jak
Enclosures: Application, Benefit Summary Sheet, Computer Policy, Direct Deposit, Payroll Data Sheet, Salary Distribution, W-4, Worker's Compensation letter, and return envelope
   R. Fieno
   T. McNicholas

EXHIBIT B



**DELAWARE COUNTY COMMUNITY COLLEGE**

Human Resources

901 South Media Line Road • Media, PA 19063-1094 • www.dccc.edu

June 25, 2007

Ms. Karen M. Lada
831 Pleasure Road-Apt. D21
Lancaster, PA 17601

Dear Karen:

I am writing to confirm that you are not being offered renewal of employment for the 2007-2008 academic year. This action is effective immediately and is being taken consistent with article VII, Section 2 of the collective bargaining agreement between the College and the Association. This notice is given based upon the recommendation of your Dean and the Provost.

You shall be maintained on the College's health, dental and vision care programs through August 31, 2007. I would ask that you contact Judy Hartz at 610-359-5302 to inquire about continuing your coverage under COBRA.

Sincerely,

James E. Bryan, Jr.
Associate Vice President
Human Resources

JEB/jak
cc: G. Carter
　　D. Formichella
　　C. Railey
　　Personnel file

EXHIBIT C





**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5056 7354

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

Ms. Karen Lada
c/o Nina B. Shapiro, Esquire
Law Offices of Nina B. Shapiro
Attorney at Law
Suite 201, 53 Duke St.
Lancaster, PA  17602

July 7, 2008

Re:  EEOC Charge Against Delaware County Community College, et al.
     No. 530200704320

Dear Ms. Lada:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                  Sincerely,

                                  Grace Chung Becker
                                  Acting Assistant Attorney General
                                     Civil Rights Division
                             by   /s/ Karen J. Ferguson
                                  Karen L. Ferguson
                                  Supervisory Civil Rights Analyst
                                  Employment Litigation Section

cc:  Philadelphia District Office, EEOC
     Delaware County Community College, et al.